**Bernard O. ELLINGTON, Appellant,**

v.

**Bertie ELLINGTON, Appellee.**

**No. 429.**

Court of Civil Appeals of Texas.

Tyler.

June 19, 1969.

Rehearing Denied July 10, 1969.

Briscoe, Dally & Shaffer, Carl E. F. Dally, Joe C. Shaffer, Houston, Duke Taylor, Center, for appellant.

McLeroy & McLeroy, Tom McLeroy, Center, for appellee.

SELLERS, Justice.

Bernard O. Ellington, appellant, brought this suit to have himself appointed guardian of his mother, Mrs. Bertie Ellington (appellee), on the allegation that appellee is a person of unsound mind, over eighty years of age, and is without a guardian of her person or estate. A portion of the allegations for the appointment is as follows:

"3. The Applicant, Bernard O. Ellington, is qualified and he is not disqualified to receive letters to act as such guardian. He is the eldest son of said Bertie Ellington, and as such, is her nearest kin. He is qualified by wide business experience to manage and control the property and financial affairs of Bertie Ellington, and he is a person able to make the necessary bond required as such guardian. The Applicant is entitled to be appointed as guardian because the spouse of Bertie Ellington, Robert Osborne Ellington, is a person incapable of proper and prudent management of the estate and is therefore not qualified to become a guardian of the estate of Bertie Ellington. All of the other living children of Bertie Ellington, being James Harold Ellington of Shelbyville, Texas; Margaret Koontz of Monroe, Louisiana; Doris Mae Hebert of Pampa, Texas; and Thomas Olin Ellington of Shelbyville, Texas, are each and every one indebted to the estate of Bertie Ellington and are not qualified and competent by business experience and temperament to capably and properly manage the estate of Bertie Ellington in a proper and prudent manner. It is for the best interest of the person and the estate of Bertie Ellington that the applicant be appointed to be such guardian, and the Applicant seeks and has no interest adverse to that of his mother, Bertie Ellington.

"4. A general description of the property comprising the estate in which the said Bertie Ellington has an interest is as follows:

"a. Several acres of land of the probable value of $50,000.00, located in Shelby and Panola Counties, Texas;

"b. Personal property consisting of cash, bank accounts, machinery, livestock and other items of the value of over $100,000.00, located in Shelby County, Texas.

"5. A guardian should be appointed and there is a necessity that one be appointed because said Bertie Ellington is incompetent, of unsound mind and is incapable and incompetent to care for herself and to manage and control her property and financial affairs. Said Bertie

Ellington is in a poor state of health, is physically unable to care for herself and is in constant need of special medical care which must be provided for her. Bertie Ellington has a substantial estate which is subject to being and is being rapidly dissipated and will be dissipated unless a guardian is appointed to inventory and care for such property.

"6. The address of the Applicant, Bernard O. Ellington, who is the son and nearest of kin of said Bertie Ellington, and a proper person to act as such guardian, is 5604 Buffalo Speedway, Houston, Texas."

The appellee filed the following contest to such application:

"Now comes BERTIE ELLINGTON and contests the application filed herein by BERNARD O. ELLINGTON, as applicant, for appointment as guardian of the person and estate of BERTIE EL-LINGTON, who is alleged therein to be a person of unsound mind, and for such contest with respect shows the court as follows:

"This party denies each and every and all and singular the allegations in said application contained and shows the court that same are not true or correct in whole or in part, and with this a general denial this party makes answer herein.

"WHEREFORE, contestant prays that said application in all respects be denied."

After a full hearing before a jury, the Court submitted one issue as follows:

"Do you find from a preponderance of the evidence that Bertie Ellington is a person of unsound mind as that term is defined herein?

"Answer 'We do' or 'We do not'.

"ANSWER    We do not    "

The court entered judgment on the jury's verdict denying appellant's application to be appointed guardian of appellee's person and estate," from which judgment the appellant has duly prosecuted this appeal.

Appellant complains on this appeal of the court's charge and the admission of certain exhibits of appellee as being prejudicial to appellant's application. The appellee, in her Brief, says that the evidence in this case offered by appellant wholly fails to raise a jury issue as to appellee's soundness of mind, and therefore appellant's assignments are without merit and the judgment entered by the trial court is correct.

After a review of the entire evidence offered by appellant, this court is of the opinion that appellee's contention must be sustained.

Appellee, Mrs. Bertie Ellington, is the wife of Robert Osborne Ellington who is also alleged to be incapable of managing the estate or, in other words, to be appointed guardian of appellee's estate. Appellee and Robert Osborne Ellington are both eighty years of age, have an estate of some 1,500 acres of land, and personal property of a value of around $50,000. They have five children of whom appellant is the oldest. Appellee and Robert Osborne Ellington live in Shelbyville in Shelby County and appellant lives in Houston, Harris County, Texas.

The evidence offered by appellant on the trial consists of his own and that of his two daughters and a Mrs. Fowler. In appellee's Brief, we find the following summary of the evidence offered by appellant to show his mother to be insane which, in our opinion, is fully supported by the Statement of Facts:

"The evidence offered by appellant to show Appellee was an incompetent and of unsound mind consisted of the testimony of himself, his two daughters, Betty Shutte and Martha Jane Hill and Mrs. Theo Fowler, all of whom were non-expert witnesses, and all of whom saw Appellee only occasionally.

"On direct examination, Appellant testified that Appellee *was not of unsound mind.* (Page 38, lines 18–23, S.F.) On resuming his testimony after recess he changed his opinion, based upon the assertion that Appellee kicked up her heels 'acting like a 16 year old athlete', could not make change of money 'too good', had never written a check, did not know how to make deposits in banks, was of poor physical condition, was incoherent sometimes when she took medicine, talked to herself at times and wouldn't know one good deal from another, and that he had had a fuss with her when she threat—ed him with a broom stick and he told her he 'would ram it down her throat'. Based upon the above Bernard O. Ellington, Appellant, concluded that his mother was insane (page 89, line 26, et seq., S.F.) and of unsound mind.

"The witness Betty Shutte based her opinion that Appellee was of unsound mind on the assertion that Appellee thought her legs were prettier than hers, that she used 'vulgur' language towards her grandfather, R. O. Ellington, that because of her age, Appellee thought a jury would not convict her of murder, (S.F., page 142), that she had trouble making change and talked to herself at times.

"The witness Martha Jane Hill concluded Appellee was of unsound mind because she was 'childish about her figure', (Page 152, S.F.), talked to herself, used too much makeup, at times required or accepted held in dressing, required help in climbing an incline at hospital, became angry when scolded about neglecting her husband and for not preventing him from falling, thought her husband was dying when he was in hospital, that she considers her grandmother senile and has been for several years, in her opinion did not know right from wrong, but that she has sense enough to counsel with a qualified person, but not sense enough to make 'qualified business transactions', was confused about how

she tripped and fell, (page 169, S.F.), and that she lacked in business experience. (page 170, lines 15 through 24, S.F.)

"Theo Fowler concluded Appellee was of unsound mind because she was hateful to her, threatened to throw coffee in her face when they were having an argument, complained about the way she cleaned the fireplace out (page 350, S.F.), fussed and cussed with James Ellington, Appellee's son, (page 351, S.F.), was not able to care for self, but that when she saw Appellee at funerals in 1967 she seemed alright and that she talked with her on the telephone on several occasions and she seemed alright then. (page 353 through page 355, S.F.).

"No witness testified Appellee's estate was being dissipated or wasted.

"Witnesses testifying as to the competency and soundness of mind of Appellee were all four of the other children of Appellee, namely, Mrs. Doris Hebert, James Ellington, Margaret Koonce, and T. O. Ellington, and Rev. Charles Adkins, a minister, Elzie Green, a neighbor and friend, Mrs. Mary Ross, a neighbor and friend, Claude Barron, friend and business acquaintance, Dr. Hunter Mallory, who had examined and treated Appellee and was her family doctor, and Walter Herbert, a son-in-law of Appellee."

■ The witnesses for appellant, all being non-experts, in order to give evidence of unsoundness of mind, must, under the authorities, give facts upon which their opinions are based, and since the facts given by the witnesses are insufficient to support their conclusion that appellee was of unsound mind, their opinion was without probative value and there was no need for the court to submit the issue to the jury as he did. Reiche v. Williams, Tex.Civ.App., 183 S.W.2d 587.

In the case of Bass v. Bass, Tex.Civ. App., 207 S.W.2d 103, where the evidence

is somewhat similar to the present case, the court held that an instructed verdict was proper.

We therefore hold the judgment of the trial court denying appellant's application was the only judgment authorized under the facts of this case. The judgment is in all things affirmed.

Affirmed.